1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11

12

13

14

15

BARBARA STUART ROBINSON,

                Plaintiff,

    v.

ST. FRANCIS HOSPITAL,

                Defendant.

CASE NO. 2:24-cv-00732-LK

ORDER OF DISMISSAL WITH
LEAVE TO AMEND THE
COMPLAINT

16
      This matter comes before the Court sua sponte. On May 28, 2024, United States Magistrate

17
Judge S. Kate Vaughan granted pro se Plaintiff Barbara Stuart Robinson's application to proceed

18
*in forma pauperis* ("IFP") and her complaint was posted on the docket. Dkt. Nos. 5, 6. Summons

19
have not yet been issued. Having reviewed the record and the applicable law, the Court declines

20
to issue summons and, for the reasons set forth below, dismisses Ms. Robinson's complaint

21
pursuant to 28 U.S.C. § 1915(e)(2)(B), with leave to file an amended complaint.

22
**I.   BACKGROUND**

23
      Ms. Robinson initiated this action on May 28, 2024. Dkt. No. 1. She avers that Defendant

24
St. Francis Hospital "releas[ed]" her from the emergency room on March 13, 2024 "with no

ORDER OF DISMISSAL WITH LEAVE TO AMEND THE COMPLAINT - 1

1    treatment prescribed[.]" Dkt. No. 6 at 2, 4. Although the allegations in the complaint are not

2    entirely clear, this dispute seems to center on the manner in which she was released or removed

3    from the hospital. Mr. Robinson contends that St. Francis Hospital "employee(s) or contracted

4    staff . . . enforced a Writ or Warrant 'notice of trespass' without local law enforcement"

5    involvement, thereby violating her Fourteenth Amendment due process rights. *Id.* at 1; *see id.* at

6    2–3. She asserts a claim under 42 U.S.C. § 1983. *Id.* at 3.

## II.   DISCUSSION

8    The Court must dismiss a case when the plaintiff is proceeding IFP "at any time" if it

9    determines that the complaint is frivolous, fails to state a claim on which relief may be granted, or

10   seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.

11   § 1915(e)(2)(B)(i)–(iii). Section 1915(e) applies to all IFP proceedings, not just those filed by

12   prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). The standard for

13   determining whether a plaintiff has failed to state a claim under Section 1915(e) is the same as the

14   standard applied under Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F.3d

15   1193, 1194 (9th Cir. 1998). Dismissal under Rule 12(b)(6) may be based on either the lack of a

16   cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.

17   *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

18   Although the Court construes pro se complaints liberally, *see Bernhardt v. Los Angeles*

19   *Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003), such complaints must still include "a short and plain

20   statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A

21   plaintiff's pro se status does not excuse compliance with this bedrock requirement. *See Am. Ass'n*

22   *of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107–08 (9th Cir. 2000) (explaining that

23   the lenient pleading standard does not excuse a pro se litigant from meeting basic pleading

24   requirements); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (although the court has an

1    obligation to liberally construe pro se pleadings, it "may not supply essential elements of the claim

2    that were not initially pled" (quoting *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266,

3    268 (9th Cir. 1982))). Rule 8(a)'s standard "does not require 'detailed factual allegations,' but it

4    demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v.*

5    *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

6         In this case, Ms. Robinson's complaint fails to state a claim upon which relief can be

7    granted, even when liberally construed. To state a claim against St. Francis Hospital under Section

8    1983, Ms. Robinson must first adequately allege in a non-conclusory fashion that that entity was

9    a state actor; i.e., that "the conduct allegedly causing the deprivation of a federal right [was] fairly

10    attributable to the State." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (quoting

11    *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982)). "A threshold requirement of any

12    constitutional claim is the presence of state action." *Roberts v. AT&T Mobility LLC*, 877 F.3d 833,

13    837 (9th Cir. 2017) (quoting *Duffield v. Robertson Stephens & Co.*, 144 F.3d 1182, 1200 (9th Cir.

14    1998)). Here, the only named Defendant, St. Francis Hospital, is a private (i.e., non-governmental)

15    entity.[1] To establish that a private party's actions amount to state action, a plaintiff must satisfy at

16    least one of four tests: (1) the public function test;[2] (2) the joint action test;[3] (3) the state

17

18

---

19    [1] *See* https://www.vmfh.org/about-vmfh (last visited May 31, 2024) (identifying Virginia Mason Franciscan Health, which operates St. Francis Hospital in Federal Way, Washington, as a nonprofit 501(c)(3) corporation).

20    [2] "Under the public function test, when private individuals or groups are endowed by the State with powers or functions

21    governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations." *Wright v. Serv. Emps. Int'l Union Loc. 503*, 48 F.4th 1112, 1124 (9th Cir. 2022) (cleaned up), *cert. denied*, 143 S. Ct. 749 (2023).

22    [3] The joint action test asks whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights. *Tsao*, 698 F.3d at 1140. "This requirement can be satisfied either by proving the

23    existence of a conspiracy or by showing that the private party was a willful participant in joint action with the State or its agents," such that "the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity." *Id.* (cleaned up); *see also West v. Atkins*,

24    487 U.S. 42, 54 (1988); *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 753 (9th Cir. 2020).

ORDER OF DISMISSAL WITH LEAVE TO AMEND THE COMPLAINT - 3

1    compulsion test;[4] or (4) the governmental nexus test.[5] *Tsao*, 698 F.3d at 1140. Ms. Robinson

2    alleges that the hospital "was acting under the color of state law" when it served the writ, but she

3    does not argue the applicability of any of the four tests or provide sufficient facts in support of that

4    proposition. Dkt. No. 6 at 3.[6] Her complaint also cites Section 9A.52 of the Revised Code of

5    Washington, but does not explain how that statute demonstrates state action. Dkt. No. 6 at 2–5.[7]

6         Ms. Robinson's complaint therefore fails to state a claim under Section 1983.

### III.   CONCLUSION

8         For the foregoing reasons, the Court DISMISSES Ms. Robinson's complaint without

9    prejudice. Dkt. No. 6. Ms. Robinson may, within thirty (30) days of the date of this Order, file an

10   amended complaint that provides a short and plain statement of the factual basis for each claim as

11   required by Federal Rule of Civil Procedure 8. Such amended complaint operates as a complete

12   substitute for the original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

13   For that reason, any amended complaint must clearly identify the defendant(s), the claim(s)

14   asserted, the specific facts that Ms. Robinson believes support each claim, and the specific relief

15   requested. If a proper amended complaint is not filed within thirty (30) days of the date of this

16   Order, the complaint will be dismissed with prejudice.

---

[4] The state compulsion test asks whether the state has "exercised coercive power or has provided such significant encouragement, either overt or covert, that the [private actor's] choice must in law be deemed to be that of the State." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982).

[5] The governmental nexus test asks whether there is "pervasive entwinement of public institutions and public officials in the private actor's composition and workings." *O'Handley v. Weber*, 62 F.4th 1145, 1157–58 (9th Cir. 2023) (cleaned up).

[6] Ms. Robinson was reminded earlier this year about the requirement to identify state action when alleging a Section 1983 claim. *See Robinson v. Clise Properties Inc.*, No. C24-0397-JCC, 2024 WL 1328722, at *1 (W.D. Wash. Mar. 28, 2024).

[7] The complaint does not cite any specific subsection of the statute, and the statute's applicability is unclear. *See, e.g.*, Wash. Rev. Code § 9A.52.105(1) (providing that peace officers may remove people from premises with or without arresting them).

ORDER OF DISMISSAL WITH LEAVE TO AMEND THE COMPLAINT - 4

1      The Clerk is directed to send uncertified copies of this Order to Ms. Robinson at her last

2  known address.

3

4      Dated this 3rd day of June, 2024.

5

6                                                          Lauren King
                                                           United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER OF DISMISSAL WITH LEAVE TO AMEND THE COMPLAINT - 5