UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BARBARA STUART ROBINSON,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ST. FRANCIS HOSPITAL,<br><br>　　　　　　　　　Defendant. | CASE NO. 2:24-cv-00732-LK<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS; DENYING AS MOOT MOTIONS FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant St. Francis Hospital's Motion for Summary Judgment, Dkt. No. 29, Plaintiff Barbara Stuart Robinson's Amended Motion for Summary Judgment, Dkt. No. 26, and her Motion Notice of Voluntary Dismissal, Dkt. No. 31. For the reasons set forth below, the Court grants Ms. Robinson's motion to voluntarily dismiss her case without prejudice and denies as moot the parties' motions for summary judgment.

## I.　BACKGROUND

Ms. Robinson initiated this action on May 28, 2024. Dkt. No. 1. The Court dismissed her original complaint without prejudice because even when construed liberally in light of her pro se

status, the complaint failed to state a claim. Dkt. No. 7 at 3–5. The Court granted Ms. Robinson leave to amend, and she subsequently filed two amended complaints. *Id.* at 4; Dkt. Nos. 8, 14.

In her second amended complaint, Ms. Robinson alleged that St. Francis Hospital admitted her on March 13, 2024, but then issued her a notice of trespass in violation of state and federal law. Dkt. No. 14 at 1–3. She asserted claims under 42 U.S.C. § 1983, 42 U.S.C. § 1395dd, and Section 9A.52 of the Revised Code of Washington. *Id.* at 3–5.[1] St. Francis filed an answer to the second amended complaint. Dkt. No. 17.

On November 18, 2024, Ms. Robinson filed a motion for summary judgment, Dkt. No. 25, followed the same day by an amended motion for summary judgment, Dkt. No. 26. She contends that St. Francis violated her Constitutional rights by escorting her off hospital property "without an appropriate medical screening evaluation." *Id.* at 2. At the same time, she stated that she was "physically examined by the attending physician and nurse and orders were entered for labs, an electrocardiogram (EKG) and a chest x-ray." *Id.* The EKG and x-ray "both returned negative." *Id.* After receiving those results, Ms. Robinson informed hospital staff that "she was feeling better, her chest pain was gone, and she was ready to leave. She then began to yell and threaten the medical providers." *Id.* She was asked to leave the property "in accordance with hospital policy" because she "continued to yell and verbally intimidate the staff." *Id.*

On November 22, 2024, St. Francis filed its motion for summary judgment contending that Ms. Robinson's claims are untenable. Dkt. No. 29. After receiving that motion, Ms. Robinson filed her Motion Notice of Voluntary Dismissal stating that Defendants' motion for summary judgment included "new facts and evidence that was not presented at discovery," and requesting to

---

[1] On November 6, 2024, King County Superior Court granted St. Francis's motion for summary judgment regarding claims filed by Ms. Robinson. Dkt. No. 34 at 3; Dkt. No. 34-11 at 2–3. St. Francis represents that "[t]hose claims concern the same parties and subject matter as this current case in federal court." Dkt. No. 33 at 5.

ORDER GRANTING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS; DENYING AS MOOT MOTIONS FOR SUMMARY JUDGMENT - 2

1 voluntarily dismiss her claims without prejudice. Dkt. No. 31 at 1 (capitalization altered). Her response to St. Francis Hospital's motion for summary judgment reiterated her request to voluntarily dismiss her complaint without prejudice. Dkt. No. 32 at 1. She also alleged that St. Francis "failed to disclose privileged information" and included in its motion for summary judgment information that it failed to provide in discovery. *Id.* at 2, 5.

St. Francis did not file a separate response to the motion for voluntary dismissal and instead addressed that request in its reply in support of its motion for summary judgment. Dkt. No. 33. In that brief, St. Francis contended that it is entitled to summary judgment and Ms. Robinson's motion to voluntarily dismiss should be denied. *See generally id.*

## II.   DISCUSSION

### A.   Legal Standard

Where, as here, a plaintiff requests voluntary dismissal after the opposing party has answered and moved for summary judgment, the action may be dismissed "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Where the request is to dismiss without prejudice, a District Court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1279 (9th Cir. 2023) (cleaned up). "Legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96–97 (9th Cir. 1996). "Uncertainty because a dispute remains unresolved" or "the threat of future litigation which causes uncertainty" are insufficient to demonstrate legal prejudice. *Id.* at 96–97. Furthermore, "the mere inconvenience of defending another lawsuit does not constitute plain legal prejudice[.]" *Kamal*, 88 F.4th at 1280 (quoting *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982)).

### B. Ms. Robinson is Entitled to Voluntarily Dismiss Her Complaint

St. Francis contends that if Ms. Robinson "intended to bring a motion to dismiss, this was done improperly as an opposition to a summary judgment motion." Dkt. No. 33 at 2. The Court disagrees that Ms. Robinson's motion to voluntarily dismiss was procedurally improper. True enough, Ms. Robinson requested voluntary dismissal in her response to St. Francis's motion for summary judgment, Dkt. No. 32 at 1, and "it is procedurally improper to include a request for affirmative relief in a response brief," *Meghinasso v. Mercedes-Benz USA*, No. C17-5930-LK, 2022 WL 226078, at *1 (W.D. Wash. Jan. 26, 2022). However, she also filed a separate motion for voluntary dismissal. Dkt. No. 31.

St. Francis also responds that the alleged "new facts" to which Ms. Robinson points do not "overcome summary judgment," and "[a]ll documents filed in support of [its motion for summary judgment] were previously provided to Plaintiff." Dkt. No. 33 at 2. Its brief focuses on whether its motion for summary judgment actually included new facts and delves into the minutiae of what was provided in discovery. *Id.* at 2–5. In doing so, St. Francis misses the forest for the trees. Now that Ms. Robinson has moved for voluntary dismissal, the Court must assess whether St. Francis will suffer legal prejudice if her request is granted. *See Kamal*, 88 F.4th at 1282 (explaining that a "district court must determine whether granting a motion for dismissal without prejudice would result in legal prejudice to the defendant and, if not, the motion should be granted."). St. Francis does not address this issue or identify any legal prejudice it will experience if the Court grants Ms. Robinson's motion for voluntary dismissal. *See* Dkt. Nos. 33–35. In addition, the Court follows the principle of party presentation and declines to invent arguments for St. Francis. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020); *see also Todd R. v. Premera Blue Cross Blue Shield of Alaska*, 825 F. App'x 440, 442 (9th Cir. 2020). In the absence of legal prejudice, the Court grants Ms. Robinson's motion to voluntarily dismiss and denies as moot both parties'

motions for summary judgment. The Court also declines to impose any "terms" on the dismissal because St. Francis has not requested any and none appear warranted.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Ms. Robinson's motion for voluntary dismissal, Dkt. No. 31, and DENIES AS MOOT both parties' motions for summary judgment, Dkt. Nos. 26, 29. Ms. Robinson's complaint is dismissed without prejudice. The Clerk of Court shall close this case and terminate any remaining deadlines.

Dated this 3rd day of February, 2025.

*Lauren King*

Lauren King
United States District Judge